Eastern District of Kentucky
FILED
OCT 1 3 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CRIMINAL ACTION NO. 01-63-KSF
(Civil Action No. 04-347-KSF)

UNITED STATES OF AMERICA     PLAINTIFF

V.     **OPINION & ORDER**

ALEXANDER T. CALOR     DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

On July 23, 2004, defendant Alexander T. Calor filed his *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE #70]. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.

The Magistrate Judge filed his proposed findings of fact and recommendation on April 6, 2005 [DE #87]. First, the Magistrate Judge rejected the defendant's argument that his sentence was in violation of Blakely v. Washington, 542 U.S. 296 (2004), concluding that United States v. Booker, ___ U.S.___, 125 S. Ct. 738 (2005) (extending the holding in Blakely to the United States Sentencing Guidelines), was not retroactively applicable and, thus, provided no support for the defendant's § 2255 motion.

Second, the Magistrate Judge concludes that the defendant did not receive ineffective assistance of counsel during his sentencing phase. The defendant points to his counsel's failure to object to the Court's two-level enhancement for obstruction of justice and later failure to raise this on direct appeal. The Magistrate Judge concluded that this enhancement was proper and, thus, any objection would have been overruled. Specifically, the Magistrate Judge found that the

Court imposed the enhancement not because the defendant elected to take his case to trial and testify on his own behalf, but because the bulk of his testimony was a lie and that he further manipulated the system by calling his wife as a defense witness to give additional perjured testimony.

The defendant filed objections to the Magistrate Judge proposed findings of fact and recommendation on April 18, 2005 [DE #88]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

The defendant first reasserts his prior argument that Blakely and Booker should be applied retroactively. The Court agrees with the Magistrate Judge that Booker does not help the defendant with respect to his § 2255 motion. The Sixth Circuit has affirmatively determined that any claims that the defendant may have regarding judicial fact-finding under Booker are precluded because Booker does not apply retroactively to cases on collateral review. See Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005). Because the defendant's case was already final on direct review at the time Booker was rendered, Booker simply does not apply to his case. United States v. Saikaly, ___ F.3d ___, 2005 WL 2373996 (6th Cir. Sept. 28, 2005).

The defendant also objects to the Magistrate Judge's conclusion regarding his ineffective assistance of counsel claim, but essentially argues his Booker claim. He further argues that he has shown both cause and prejudice with respect to his counsel's inaction. However, the Court agrees with the Magistrate Judge's conclusion that he has shown neither with respect to his two-level enhancement.

In determining whether a certificate of appealability should issue as to the defendant's claim, the Court turns to Slack v. McDaniel, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Id. at 484. In the present case, the Magistrate Judge recommended that a certificate of appealability should issue on the question of Booker's retroactivity because reasonable jurists could differ on this particular question. However, this question has been laid to rest in the Sixth Circuit in Saikaly. Therefore, the Court determines that the petitioner has not presented a close call or one which is "debatable" and a certificate of appealability will not issue.

After having considered the defendant's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's proposed findings of fact and recommendation, except as to his recommendation that a certificate of appealability should issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the government's motion for extension of time to file response to defendant's § 2255 motion [DE #74] is GRANTED;

(2) the Magistrate Judge's proposed findings of fact and recommendation [DE #87] is ADOPTED as and for the opinion of the Court EXCEPT that no certificate of appealability shall issue;

(3) the defendant's objections to the Magistrate Judge's proposed findings of fact and recommendation [DE #88] are OVERRULED;

(4) the defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [DE #70] is DENIED;

(5) judgment will be entered contemporaneously with this opinion and order in favor of the United States; and

(6) that this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue.

This 12th day of October, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE